UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 09-83-HRW

PATRICIA ANN RICE,                                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on March 31, 2006, alleging disability beginning on January 1, 2006, due to back problems (Tr. 70-71).

This application was denied initially and on reconsideration.

On October 20, 2008, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Sally J. Moore, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On January 14, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from low back pain secondary to degenerative disc disease of the lumbar spine with herniated nucleus pulposus at L4-L5 and L5-S1, mild obesity, bipolar disorder, rule out substance induced mood disorder and non-insulin dependent diabetes mellitus, which he found to be "severe" within the meaning of the Regulations (Tr. 18-19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19-20).

The ALJ further found that Plaintiff could not return to her past relevant work as a home health aide (Tr. 22) but determined that she has the residual functional capacity ("RFC") to perform a restricted range of light and sedentary work (Tr. 20-22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22-23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the

3

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 20, 2009 (Tr. 8-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal Plaintiff contends that, contrary to the ALJ's decision, her impairments meet or equal a medical listing, to-wit, Listing 1.04. Listing 1.04 refers generally to <u>disorders of the spine</u>. Listing 1.04A refers to evidence of <u>nerve root compression</u> characterized by specific clinical findings; Listing 1.04 B refers to spinal <u>arachnoiditis</u>, confirmed by an operative note or tissue biopsy, and Listing 1.04C refers to <u>lumbar spinal stenosis</u> that results in certain findings on diagnostic imaging techniques and certain specified physical limitations.

In order to meet or equal the requirements of a listed impairment, a claimant must demonstrate specific findings that duplicate the enumerated criteria of the listed impairment. This equivalency must be based on medical evidence supported by acceptable clinical and diagnostic techniques. *Land v. Sec'y of Health and Human Services.*, 814 F.2d 241, 245 (6th Cir.1986). In order for a claimant's condition to equate with a listed impairment, the claimant's condition must manifest all of the specified medical criteria for such impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) ("An

5

impairment that manifests only some of the criteria, no matter how severe, does not qualify.").

Listing 1.04 provides, in pertinent part:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, supt. P, App. 1 §1.04.

6

Although Plaintiff has been diagnosed with a herniated disc, degenerative disc disease, disc protrusion (Tr. 302-303), there is no evidence in the record which satisfies the additional requirements under subparts A, B and C of Listing 1.04. Nor does Plaintiff present a cohesive argument with specific references to the medical record as to how her impairment satisfies Listing 1.04. " [I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *see also, United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Plaintiff also maintains that medical records from Dr. Gary Shearer, dated May 11, 2007 to May 2, 2008 are pertinent to her claim. However, these records are not a part of the record before the Court, nor were they before the Commissioner. Indeed, counsel for the Commissioner contacted Plaintiff's counsel regarding these records, yet, apparently, Plaintiff did not file them. As such, the records are not part of the administrative record and will not be considered by this Court.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __8__ day of February, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge